UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY DILWORTH, | Case No. 19-cv-12134 |
| Plaintiff, | |
| v. | Sean F. Cox<br>United States District Court Judge |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## **OPINION AND ORDER**

Jimmy Dilworth applied for Supplemental Security Income ("SSI") based on spinal and psychological conditions. After his claim was denied, Dilworth appeared at a hearing before an Administrative Law Judge (ALJ) on November 7, 2017. The ALJ issued an unfavorable decision on December 22, 2017. The Appeals Council reviewed the ALJ's decision and upheld the conclusion that Dilworth is not eligible for SSI payments.[1] After Dilworth filed the present action, Executive Magistrate Judge R. Steven Whalen issued a Report and Recommendation to grant the Commissioner Andrew Saul's motion for summary judgment and to deny Dilworth's motion for summary judgment. (ECF No. 25.)

Dilworth raises two objections to this Court. For the reasons that follow, the Court overrules his objections and adopts the magistrate judge's report.

---

[1] The Appeals Council agreed with Dilworth that the ALJ should have considered a set of treatment records submitted shortly before the hearing. However, the council concluded that "the evidence is not contrary to the findings contained in the hearing decision." (ECF No. 11-2, PageID.41.)

1

I.

At the time of his application, Dilworth suffered from numerous physical and mental maladies. He first had issues with his back in 2003, when a CT scan showed "mild spinal stenosis." (ECF No. 11-7, PageID.333.) Another CT scan in 2010 showed that this problem persisted. (*Id.* at PageID.335.) Dilworth received several epidural injections between 2014 and 2016. (*Id.* at PageIDs.400, 409, 413.) He was prescribed various medications and began using a cane to walk. (*Id.* at PageIDs. 350, 401–05.) Dilworth described his back pain as "tolerable" with medication but sometimes "severe." (*Id.* at 401–05.) He started having neck pain after a car accident in 2015. (ECF No. 11-2, PageID.58.) In August 2015, Dilworth said his neck pain was worsening but that chiropractic treatments were helping. (ECF No. 11-7, PageID.371.) A CT scan indicated "moderate bilateral neural foraminal narrowing." (*Id.* at 444.) Subsequent MRIs indicated "minimal" to "multilevel" degenerative changes. (ECF No. 11-8, PageID.548–50.) In May 2016, he declined to have back surgery but stated a need for more pain medication. (*Id.* at 553.)

Dilworth also was diagnosed with depressive disorder and a learning disorder during an evaluation on September 23, 2014. (ECF No. 11-7, PageIDs.352–59.) Soon after, he was prescribed Cymbalta, Klonopin, Risperdal, and Trazodone. (*Id.* at PageIDs.342–43.) He reported auditory hallucinations during evaluations on August 2015, December 2015, and May 2016; in June 2016, he denied having any hallucinations. (*Id.* at PageIDs.340, 470, 486, 491). He reported in June 2016 that his medication had helped to decrease his pain and depression. (*Id.* at PageID.491.)

The Social Security Administration scheduled a non-examining review of Dilworth's treating records in December 2015. (ECF No. 11-3, PageID.98.) Dilworth also underwent

2

psychological testing in June and July of 2017. (ECF No. 11-8, PageID.578.) In addition, a vocational expert who reviewed Dilworth's work history testified that a significant number of jobs existed in the national economy that a person like Dilworth could perform. (ECF No. 11-2, PageIDs.68–72.)

In his determination, the ALJ found that Dilworth suffered from "obesity; degenerative disc disease of the lumbar spine; lumbar disc bulge; cervical degenerative changes; major depressive disorder; [and] anxiety disorder." (ECF No. 11-3, PageID.116.) However, none of these impairments was severe enough to qualify for a listed impairment under 20 C.F.R. Part 404. (*Id.*) Furthermore, the ALJ found that Dilworth has the residual functional capacity ("RFC") to perform "light work" except for using "ladders, scaffolds, or ropes." (*Id.* at 118.) He continued:

> [Dilworth] can occasionally use ramps, stairs, stoop, kneel, crouch, crawl, or balance; he should avoid walking on uneven surfaces; he can occasionally bend, twist, and turn at the waist and neck; he uses a cane to ambulate; he should only have simple unskilled work; he should have work that does not require team work or working with the public.

(*Id.*)

The magistrate judge deferred to the ALJ's decision and recommended that summary judgment be granted to Saul. First, the report stated, "[T]he failure [to] show evidence supporting the threshold requirement of nerve root compromise defeats the argument for disability under" Listing 1.04 (Disorders of the spine). (ECF No. 25, PageID.684.) Second, the magistrate judge disagreed with Dilworth that the ALJ had failed to consider limitations resulting from obesity. (*Id.* at PageID.686.) Next, the magistrate judge found that substantial evidence supported the ALJ's determination that Dilworth failed to show either the "two marked" limitations or "one extreme" limitation necessary to meet Listing 12.03 (Schizophrenia spectrum and other psychotic disorders)

3

or Listing 12.06 (Anxiety and obsessive-compulsive disorders). (*Id.*) Finally, the magistrate judge found that substantial evidence supported the ALJ's RFC for light, unskilled work: "The ALJ's finding is consistent with my own review of the record showing at most moderate abnormalities of the lumbar spine" and "good results from chiropractic treatment." (*Id.* at PageID.688.)

## II.

This Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Henrich v. Soc. Sec. Comm'r*, 440 F. Supp. 3d 699, 701 (E.D. Mich. 2020). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted).

## III.

Dilworth makes two specific objections to the report and recommendation. The Court will address each in turn.

First, Dilworth argues that the magistrate judge should have found that he suffered from a spinal disorder. (ECF No. 27, PageID.703.) The ALJ did not specifically reference Listing 1.04, Dilworth notes, so the magistrate judge erred by analyzing the listing himself. (*Id.* at PageID.704.)

4

The evaluation of a disability claim requires a "five-step sequential process." *See Buxton v. Halter*, 246 F.3d 762, 771 (6th Cir. 2001) (citing 20 C.F.R. § 404.1520). At step three, the claimant "has the burden of demonstrating that her impairment meets or equals a listed impairment." *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Even if an ALJ has erred, the error is harmless unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)); *see also Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (holding that an error is harmless if petitioner "has not shown that his impairments met or medically equaled in severity any listed impairment").

Here, Dilworth fails to meet his burden that his impairments meet or equal a listed impairment. Even though the ALJ did not specifically cite Listing 1.04, he considered Dilworth's spinal issues at length. The magistrate judge appropriately, and in great detail, analyzed whether Dilworth's ailments fit the criteria of Listing 1.04. The report stated that Dilworth did not meet the "threshold requirement of nerve root compromise." (ECF No. 25, PageID.684.) In response, Dilworth argues that his diagnosis of "lumbar radiculopathy" is sufficient to constitute nerve root compromise, citing no evidence except for a single website. (ECF No. 27, PageID.707.) That website states: "Lumbar radiculopathy is *typically* caused by a compression of the spinal nerve root." (*Id.* (emphasis added).) But Dilworth fails to indicate anything in the record that shows his lumbar radiculopathy was indeed caused by nerve root compromise. So the Court does not find

5

that this citation undermines the reasoned conclusion of the ALJ and the magistrate judge: Dilworth failed to demonstrate that his impairment met Listing 1.04. This objection is overruled.[2]

Second, Dilworth asserts that no substantial evidence supported the RFC of light work with no use of ladders, scaffolds, or ropes. (ECF No. 27, PageID.709.) He argues that the magistrate judge improperly cited the ALJ's interpretation of an imaging study. (*Id.*) Dilworth also disputes that he can do even light work given that he uses a cane, has an abnormal gait, and suffers from obesity. (*Id.* at 710.)

The first part of Dilworth's objection is unclear. Because "the ALJ is not a physician," the brief states, he is unable "to interpret imaging studies." (*Id.*) This oversimplifies or misunderstands the ALJ's thorough review of the record and the magistrate judge's analysis of the ALJ's conclusions. The ALJ wrote: "Overall, the medical records show that the claimant generally improved with treatment, including medications, epidurals, and branch blocks. Objective testing did not reveal any severe findings. . . . Looking at the evidence as a whole, the medical records strongly support the conclusion that the claimant is able to perform a range of light work." (ECF No. 11-3, PageID.121.) This conclusion followed several paragraphs in which the ALJ summarized the voluminous medical documents and testimony in the record. His conclusion about the RFC should not be disregarded simply because the ALJ himself is not a physician. Rather,

---

[2] Dilworth's brief makes a cursory argument that the ALJ also considered the wrong Social Security Ruling in discussing obesity. (ECF No. 27, PageID.706.) But the two rulings are fundamentally identical when it comes to considering obesity as a factor. *Compare* SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019) ("The combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately."), *with* SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002) ("[T]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately."). The ALJ acknowledged Dilworth's obesity and explicitly considered it when limiting Dilworth's range of work. (ECF No. 11-3, PageID.120.) There was no error.

according to the regulations, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] residual functional capacity.'" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (quoting 20 C.F.R. § 416.920(a)(4)(iv)).

Next, Dilworth reiterates that he uses a cane, has a gait, and is considered obese. He again insists that his condition meets Listing 1.04 for spinal issues, which should prevent even light work. (ECF No. 27, PageID.710.) But this argument already was rejected. Furthermore, the ALJ did not ignore Dilworth's obesity or walking difficulties. Rather, the ALJ mentioned Dilworth's obesity and determined that he can "never use ladders, scaffolds, or ropes; he should avoid walking on uneven surfaces; he uses a cane to ambulate; he can occasionally use ramps, stairs, stoop, kneel, crouch, crawl, or balance; he can occasionally bend, twist, and turn at the waist and neck." (ECF No. 11-3, PageID.120.) And the magistrate judge wrote: "The ALJ's finding that Plaintiff could perform light work but limited postural activity is consistent with my own review of the record." (ECF No. 25, PageID.688.) Since substantial evidence supports the ALJ's findings regarding the RFC, this second objection also is overruled.

## IV.

In conclusion, the Court **DENIES** Dilworth's motion for summary judgment (ECF No. 19), **GRANTS** Saul's motion for summary judgment (ECF No. 24), and **ADOPTS** the magistrate judge's report (ECF No. 25).

**IT IS SO ORDERED.**

Dated: March 9, 2021                             s/Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge